A. FULTON *v.* J. C. BROWN and W. H. PHELAN.

An appellant cannot be heard upon a point of costs here, when he has neglected to call the attention of the court of the first instance to it.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
   *Bonford* and *Denegre*, for plaintiff. *Race & Foster*, for defendants and appellants.

SPOFFORD, J.   The defendants complain that the judgment below was erroneous, first, in condemning them to pay the costs arising from the attachment of the steamer S. S. Prentiss, which was afterwards released by order of the plaintiff, and secondly, in according a privilege upon the property attached.

I. Two steamers were attached. One of them was released " by consent of the plaintiff." It does not appear what the costs of attaching that boat were. The appellant made no complaint before the court below with regard to this branch of the costs. It must be a small item; and the rule is, that the appellant cannot be heard upon such a point here, when he has neglected to call the attention of the court of the first instance to it. This rule is especially applicable to the matter of costs. *Ames* v. *Merchants' Insurance Co.*, 2 An., 594; *McMuller* v. *Jewell*, 3 An., 189.

II. The defendants say the court erred in refusing to dissolve the attachment under a rule on the ground that " the bond was not signed by the plaintiff, or by any one for him, authorized to appear in and sign a bond for him." The usual affidavit was made by *W. O. Denegre*, who deposed that he was the attorney of *A. Fulton*, of the city of Cincinnati. The bond was signed " *A. Fulton*, by *W. O. Denegre.*"

It seems to be conceded in the appellants' brief that an attorney at law, employed in any given case where attachment process is requisite, is authorized to make the affidavit and sign the attachment bond, so as to bind the creditor without a special procuration; and it was so held by the District Judge, who cited the case of *Dwight & Co.* v. *Weir*, 6 An., 706, in support of his ruling.

But the appellant maintains that it is only the attorney of the creditor, that is his attorney of record in the case, who has this power, and that Mr. *Denegre* had not the authority in this case, because he never appeared as counsel of record in the court below after suing out the attachment, but another attorney was substituted in his place. The affidavit of Mr. *Denegre* is conclusive of this point: he deposed that he was the attorney of *Fulton*, who is the plaintiff; his authority has not been denied under oath, or impeached by any evidence; on the other hand, the petition filed the next day after the attachment, by another attorney for the plaintiff, recognises the authority of Mr. *Denegre*, by stating that through his attorney he has made the requisite affidavit and given bond according to law, whereupon an attachment was issued and served, which he prays may be maintained.

The judgment is, therefore, affirmed with costs.